UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AFFORDABLE AERIAL PHOTOGRAPHY, INC., <br><br> Plaintiff, <br><br> v. <br><br> GORMAN ASSOCIATES LLC dba GOLFLIFEREALESTATE.COM, GOLF LIFE REAL ESTATE LLC, THOMAS E. GORMAN, AND BUFFALO GROUPE, LLC D/B/A MORNING READ, <br><br> Defendants. | Civil Action No. 1:20-cv-11405-ADB <br><br> **GORMAN ASSOCIATES LLC'S ANSWER TO THE FIRST AMENDED COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Defendant Gorman Associates LLC ("GAL") hereby answers and states affirmative defenses to the First Amended Complaint, Doc. 31, brought by Plaintiff Affordable Aerial Photography, Inc. ("AAPI"). GAL denies each allegation in the Complaint not expressly admitted herein. In particular, GAL denies each allegation that it does business as "golfliferealestate.com." GAL otherwise responds to each numbered Paragraph of the Complaint as follows.

1. GAL admits that AAPI purports to state a claim under the Copyright Act. GAL lacks enough information to admit or deny the remaining allegations of Paragraph 1 and therefore denies the allegations.

2. GAL lacks enough information to admit or deny the allegations of Paragraph 2 and therefore denies the allegations.

3. GAL lacks enough information to admit or deny the allegations of Paragraph 3 and therefore denies the allegations.

1

4. Gorman Defendants denies that GAL does business as "golfliferealestate.com." GAL admits that it conducts business related to real estate. Except as expressly admitted herein, GAL denies the allegations in Paragraph 4.

5. GAL admits that Defendant Golf Life Real Estate LLC ("GLRE") conducts business related to real estate. Except as expressly admitted herein, GAL denies the allegations in Paragraph 5.

6. GAL denies the allegations in Paragraph 6.

7. GAL admits that a website offering golf news is available at morningread.com. Except as expressly admitted herein, GAL denies the allegations in Paragraph 7.

8. GAL denies the allegations in Paragraph 8.

9. GAL denies the allegations in Paragraph 9.

10. Paragraph 10 contains a legal conclusion for which no response is required. GAL denies the allegations in Paragraph 10.

11. Paragraph 11 contains a legal conclusion for which no response is required. GAL denies the allegations in Paragraph 11.

12. Paragraph 12 contains a legal conclusion for which no response is required. GAL lacks enough information to admit or deny the allegations of Paragraph 12 and therefore denies the allegations. GAL denies the allegations in Paragraph 12.

13. Paragraph 13 contains a legal conclusion for which no response is required. GAL admits that AAPI purports to state a claim under the Copyright Act. Except as expressly admitted herein, GAL denies the allegations in Paragraph 13.

14. Paragraph 14 contains a legal conclusion for which no response is required. GAL admits that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§

1331 and 1338. Except as expressly admitted herein, GAL denies the allegations in Paragraph 14.

15. Paragraph 15 contains a legal conclusion for which no response is required. Paragraph 15 is vague and incoherent so a coherent response cannot be formulated. To the extent that Paragraph 15 may be construed to allege that GAL is subject to this Court's exercise of personal jurisdiction in this action, GAL admits it. Except as expressly admitted herein, GAL denies the allegations in Paragraph 15.

16. Paragraph 16 contains a legal conclusion for which no response is required. GAL admits that venue is proper in this district under 28 U.S.C. § 1400(a) as to GAL; that Defendant Thomas E. Gorman ("Gorman") resides in this district and GAL and GLRE's principal offices are located in this district, and that GAL is subject to the Court's exercise of personal jurisdiction in this action. Except as expressly admitted herein, GAL denies the allegations in Paragraph 16.

17. Paragraph 17 contains a legal conclusion for which no response is required. GAL lacks enough information to admit or deny the allegations of Paragraph 17 and therefore denies the allegations.

18. GAL denies that it does business as "GolfLifeRealEstate.com." GAL admits to the remaining allegations in Paragraph 18.

19. GAL denies that GLRE's principal place of business is at 107 Chute Road, Dedham, MA 02026. GAL admits to the remaining allegations in Paragraph 19.

20. GAL admits to the allegations in Paragraph 20.

21. GAL lacks enough information to admit or deny the allegations of Paragraph 21 and therefore denies the allegations.

22. GAL lacks enough information to admit or deny the allegations of Paragraph 22 and therefore denies the allegations.

23. Paragraph 23 contains a legal conclusion for which no response is required. GAL lacks enough information to admit or deny the allegations of Paragraph 23 and therefore denies the allegations.

24. GAL lacks enough information to admit or deny the allegations of Paragraph 24 and therefore denies the allegations.

25. Paragraph 25 contains a legal conclusion for which no response is required. GAL lacks enough information to admit or deny the allegations of Paragraph 25 and therefore denies the allegations.

26. Paragraph 26 contains a legal conclusion for which no response is required. GAL lacks enough information to admit or deny the allegations of Paragraph 26 and therefore denies the allegations.

27. Paragraph 27 contains a legal conclusion for which no response is required. Gorman Defendants denies the allegations in Paragraph 27.

28. Paragraph 28 contains a legal conclusion for which no response is required. GAL denies the allegations in Paragraph 28.

29. Paragraph 29 contains a legal conclusion for which no response is required. GAL denies the allegations in Paragraph 29.

30. Paragraph 30 contains a legal conclusion for which no response is required. GAL denies the allegations in Paragraph 30.

31. GAL lacks enough information to admit or deny the allegations of Paragraph 31 and therefore denies the allegations. GAL denies the allegations in Paragraph 31.

32. Paragraph 32 contains a legal conclusion for which no response is required. GAL lacks enough information to admit or deny the allegations of Paragraph 32 and therefore denies the allegations. GAL denies the allegations in Paragraph 32.

33. Paragraph 33 contains a legal conclusion for which no response is required. GAL lacks enough information to admit or deny the allegations of Paragraph 33 and therefore denies the allegations.

34. Paragraph 34 contains a legal conclusion for which no response is required. GAL denies the allegations in Paragraph 34.

35. Paragraph 35 contains a legal conclusion for which no response is required. GAL lacks enough information to admit or deny the allegations of Paragraph 35 and therefore denies the allegations.

36. GAL admits that AAPI's counsel sent letters to GAL dated January 26, 2019 and June 14, 2019, and that copies of those letters are filed with the First Amended Complaint as Exhibit 3. Except as expressly admitted herein, GAL denies the allegations in Paragraph 36.

37. Paragraph 37 contains a legal conclusion for which no response is required. GAL denies the allegations in Paragraph 37.

38. GAL lacks enough information to admit or deny the allegations of Paragraph 38 and therefore denies the allegations.

39. GAL incorporates its responses to Paragraphs 1-38 as if fully set forth herein.

40. Paragraph 40 contains a legal conclusion for which no response is required. GAL lacks enough information to admit or deny the allegations of Paragraph 40 and therefore denies the allegations.

41. Paragraph 41 contains a legal conclusion for which no response is required. GAL lacks enough information to admit or deny the allegations of Paragraph 41 and therefore denies the allegations.

42. Paragraph 42 contains a legal conclusion for which no response is required. GAL denies the allegations in Paragraph 42.

43. GAL denies the allegations in Paragraph 43.

44. GAL denies the allegations in Paragraph 44.

45. GAL lacks enough information to admit or deny the allegations of Paragraph 45 and therefore denies the allegations.

46. GAL lacks enough information to admit or deny the allegations of Paragraph 46 and therefore denies the allegations.

47. GAL incorporates its responses to Paragraphs 1-46 as if fully set forth herein.

48. Paragraph 48 contains a legal conclusion for which no response is required. GAL lacks enough information to admit or deny the allegations of Paragraph 48 and therefore denies the allegations.

49. Paragraph 49 contains a legal conclusion for which no response is required. GAL denies the allegations in Paragraph 49.

50. Paragraph 50 contains a legal conclusion for which no response is required. GAL denies the allegations in Paragraph 50.

51. Paragraph 51 contains a legal conclusion for which no response is required. GAL denies the allegations in Paragraph 51.

52. GAL lacks enough information to admit or deny the allegations of Paragraph 52 and therefore denies the allegations.

53. GAL lacks enough information to admit or deny the allegations of Paragraph 53 and therefore denies the allegations.

54. GAL incorporates its responses to Paragraphs 1-38 as if fully set forth herein.

55. Paragraph 55 contains a legal conclusion for which no response is required. GAL lacks enough information to admit or deny the allegations of Paragraph 55 and therefore denies the allegations.

56. Paragraph 56 contains a legal conclusion for which no response is required. GAL lacks enough information to admit or deny the allegations of Paragraph 56 and therefore denies the allegations.

57. Paragraph 57 contains a legal conclusion for which no response is required. GAL lacks enough information to admit or deny the allegations of Paragraph 57 and therefore denies the allegations.

58. GAL lacks enough information to admit or deny the allegations of Paragraph 58 and therefore denies the allegations.

59. GAL lacks enough information to admit or deny the allegations of Paragraph 59 and therefore denies the allegations. GAL denies the allegations in Paragraph 59.

60. GAL lacks enough information to admit or deny the allegations of Paragraph 60 and therefore denies the allegations.

61. GAL lacks enough information to admit or deny the allegations of Paragraph 61 and therefore denies the allegations.

**AFFIRMATIVE DEFENSES**

Without altering the burden of proof, GAL asserts the defenses set forth below based upon its investigation of AAPI's allegations, which is ongoing and will remain so pending

discovery in this matter. GAL therefore reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, and any other defense at law or equity that may now exist or in the future be available based on discovery and further investigation.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. For the reasons set forth in GAL's second through sixth affirmative defenses, all of which are fully incorporated herein by reference, AAPI fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Work-for-Hire)

2. Upon information and belief, the photograph was created as a work-for-hire and AAPI does not own the copyright.

### THIRD AFFIRMATIVE DEFENSE
### (Fair Use)

3. Any use by Defendants of any copyrightable material owned by AAPI was a fair use.

### FOURTH AFFIRMATIVE DEFENSE
### (Good Faith)

4. Defendants' actions were justified and/or taken in good faith and were not willful, intentional, or purposeful.

### FIFTH AFFIRMATIVE DEFENSE
### (Innocent Intent)

5. Defendants were not aware and had no reason to believe that any of their acts constituted a violation of the Copyright Act.

## SIXTH AFFIRMATIVE DEFENSE
### (De Minimis)

6. Any use by Defendants of any copyrightable material owned by Plaintiff was de minimis in scope and/or in effect.

## SEVENTH AFFIRMATIVE DEFENSE
### (Lack of Volitional Conduct)

7. AAPI's claims are barred because the alleged actions and/or conduct was not a volitional act attributable to Defendants.

## EIGHTH AFFIRMATIVE DEFENSE
### (Illegality, Unclean Hands, and Copyright Misuse)

8. AAPI's claims are barred because the copyright is unenforceable, or equitable relief is unavailable, on the basis of illegality, unclean hands, or copyright misuse. Commercial uses of drones (unmanned aircraft systems, or UAS) require FAA approval. Upon information and belief, the photograph was shot for commercial purposes via drone subject to FAA regulation on March 10, 2012. Under the FAA Modernization and Reform Act of 2012, which passed into law as Public Law 112-95 on February 14, 2012, Section 333 authorized the FAA to grant exemptions allowing certain drones to operate in the national airspace system. The FAA did not grant any exemptions allowing commercial use of drones until 2014. Upon information and belief, the photograph was shot in violation of governing law and FAA regulations, and allowing AAPI to enforce the copyright would be inequitable.

## NINTH AFFIRMATIVE DEFENSE
### (Intervening Causes)

9. Without admitting that AAPI has sustained any injury or damages and without admitting any liability whatsoever, GAL alleges that the injuries complained of and the damages sought by AAPI in this Complaint and each separate claim for relief asserted therein was the direct

and proximate result of certain independent actions of third parties over whom GAL has no control. Therefore, GAL is not liable for any of the damage that may have resulted therefrom.

## TENTH AFFIRMATIVE DEFENSE
### (Lack of Copyright Management Information)

10. Upon information and belief, no copyright management information was conveyed in connection with the photograph prior to any use by GAL. GAL did not remove or alter, or cause the removal or alteration of, any copyright management information.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

11. AAPI failed to mitigate damages. It knew of the photograph's public display and distribution online without requesting that the website owners take the photograph down.

## TWELFTH AFFIRMATIVE DEFENSE
### (No Actual Damages)

12. AAPI has no actual damages. Upon information and belief, before filing suit AAPI reached an agreement with a non-party that AAPI would cease use and licensing of the photograph, so any use by Defendants did not cost AAPI any lost licensing revenues.

13. AAPI's claims for damages, based on a photograph that it has no right to license or profit from, are inequitable and constitute copyright misuse.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Gorman Associates LLC respectfully requests that the Court enter judgment against Plaintiff Affordable Aerial Photography, Inc.:

1. Denying all relief prayed for in the Complaint;

2. Dismissing the Complaint in its entirety with prejudice;

3. Awarding Defendants their full costs, including all reasonable attorney's fees, pursuant to 17 U.S.C. §§ 505, 1203(b)(4), and 1203(b)(5); and

4. Awarding Defendants such further relief as the Court deems just and proper.

Respectfully submitted,

DAN BOOTH LAW LLC

Dated: December 28, 2020

/s/ Dan Booth
Dan Booth (BBO# 672090)
60 Thoreau Street #121
Concord, MA 01742
(646) 573-6596
dan@danboothlaw.com

*Counsel for Defendant Gorman Associates LLC*

## CERTIFICATE OF SERVICE

I certify that I electronically filed this document by using the Court's ECF system on this 28th day of December 2020, causing true copies to be served electronically upon all attorneys of record for each other party registered through ECF.

/s/ Dan Booth